reject the first argument. While Narum points out that the government submitted inconsistent valuations of this work at different points in the case, the district court's restitution order carefully explains these inconsistencies, and its final valuation did not constitute clear error. *United States v. Lawrence,* 189 F.3d 838, 844 (9th Cir.1999). We also reject the second argument. Narum's second written employment contract contemplated that he would be paid $100,000 per year, and Bryant Young testified that he did not approve payments in excess of that amount. We agree, however, with Narum's third argument. According to the testimony at trial, all payments Narum received prior to the date he obtained signatory authority were approved by Bryant Young, and there was no evidence that Narum obtained this approval by fraud. Instead, the evidence merely showed that Narum asked for money beyond what he was due under his contract, and that Young gave him the money. Thus, the excess payments Narum received prior to obtaining signatory authority over Young & Sons' accounts were not obtained through Narum's scheme to defraud.

■ Although the district court's loss figure was therefore inflated, the error was not material to the district court's application of the Guidelines. Subtracting the pre-signatory authority overpayments from the district court's computation of loss could not yield a loss figure below $400,000, leading to the same base offense level the district court used in its determination of Narum's Guidelines sentence. Thus, we affirm Narum's sentence of 48 months. The restitution figure, however, should be reduced to exclude the pre-signatory authority excess payments ap-

proved by Young. We remand for further proceedings to allow the district court to calculate the precise amount of this reduction, allocate the reduction between Michael Young and Bryant Young, and then reenter a restitution order against Narum.

Accordingly, we **REVERSE** Narum's convictions on counts 1, 2, and 6 of the indictment, **AFFIRM** Narum's remaining conviction and sentence, **VACATE** the district court's order directing Narum to pay restitution to Michael Young and Bryant Young, and **REMAND** for further proceedings consistent with this disposition.

Nina LOWE–MALONE,
Plaintiff–Appellant,

v.

Carolyn W. COLVIN, Commissioner
Social Security Administration,
Defendant–Appellee.

No. 12–55841.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2013.[*]

Filed June 2, 2014.

Nina Lowe–Malone, Altadena, CA, pro se.

Assistant U.S. Attorney, Paul Sachelari, Special Assistant U.S., Social Security Administration Office of the General Counsel, San Francisco, CA, Assistant U.S. Attor-

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

ney LA–CV, Dorothy Schouten, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

For the reasons stated in the memorandum opinion and order filed by the district court, we **AFFIRM.**

Kimberly GRANT, individually and on behalf of the members of the general public similarly situated, Plaintiff–Appellant,

v.

UNIFUND CCR, LLC, an Ohio limited liability company, Defendant,

and

Unifund Corporation, an Ohio corporation and Unifund CCR Partners, a New York partnership, Defendants–Appellees.

No. 12–56641.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2014.

Filed June 2, 2014.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.